1 | Francis P. McConville (*pro hac vice* forthcoming)
  | David J. Schwartz (*pro hac vice* forthcoming)
2 | **LABATON SUCHAROW LLP**
  | 140 Broadway
3 | New York, New York 10005
  | Telephone: (212) 907-0700
4 | Facsimile: (212) 818-0477
  | fmcconville@labaton.com
5 | dschwartz@labaton.com

6 | *Counsel for Proposed Lead Plaintiff Saleh Doron Gahtan and Proposed Lead Counsel for the Class*

7 |

8 | Brian Schall (#290685)
  | Rina Restaino (#285415)
  | **THE SCHALL LAW FIRM**
9 | 1880 Century Park East, Suite 404
  | Los Angeles, California 90067
10 | Telephone: (424) 303-1964
   | brian@schallfirm.com
11 | rina@schallfirm.com

12 | *Local Counsel for Proposed Lead Plaintiff Saleh Doron Gahtan and Proposed Liaison Counsel for the Class*

13 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRETT BOEHNING, Individually and on Behalf of All Others Similarly Situated, | Case No.: 3:21-CV-03671-JD |
| Plaintiffs, | **CLASS ACTION** |
| v. | **NOTICE OF MOTION AND MOTION OF SALEH DORON GAHTAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| CONTEXTLOGIC INC., PIOTR SZULCZEWSKI, RAJAT BAHRI, BRETT JUST, JULIE BRADLEY, ARI EMANUEL, JOE LONSDALE, TANZEEN SYED, STEPHANIE TILENIUS, HANS TUNG, JACQUELINE RESES, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BofA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., UBS SECURITIES LLC, RBC CAPITAL MARKETS, LLC, CREDIT SUISSE SECURITIES (USA) LLC, COWEN AND COMPANY, LLC, OPPENHEIMER & CO. INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR | Date: August 26, 2021
Time: 10:00 a.m.
Courtroom: 11 – 19th Floor
Judge: James Donato |

*Caption continued on next page*

| | | |
|---|---|---|
| 1 | & COMPANY, L.L.C., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC and R. SEELAUS & CO., LLC, | |
| 2 | | |
| 3 | Defendants. | |
| 4 | YEN HOANG, Individually and on Behalf of all Others Similarly Situated, | Case No. 3:21-cv-03930-MMC |
| 5 | | |
| 6 | Plaintiff, | |
| | v. | |
| 7 | CONTEXTLOGIC, INC., PETER SZULCZEWSKI, RAJAT BAHRI, BRETT JUST, JULIE BRADLEY, ARI EMANUEL, JOE LONSDALE, TANZEEN SYED, STEPHANIE TILENIUS, HANS TUNG, JACQUELINE RESES, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., UBS SECURITIES LLC, RBC CAPITAL MARKETS, LLC, CREDIT SUISSE SECURITIES (USA) LLC, COWEN AND COMPANY, LLC, OPPENHEIMER & CO. INC., STIFEL, NICOLAUS & COMPANY, L.L.C., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, and R. SEELAUS & CO., LLC, | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | Defendants. | |
| 17 | ALBERTO ASMAT, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-05015-CRB |
| 18 | | |
| 19 | Plaintiff, | |
| | v. | |
| 20 | CONTEXTLOGIC INC., PIOTR SZULCZEWSKI, RAJAT BAHRI, BRETT JUST, JULIE BRADLEY, ARI EMANUEL, JOE LONSDALE, TANZEEN SYED, STEPHANIE TILENIUS, HANS TUNG, and JACQUELINE RESES, | |
| 21 | | |
| 22 | | |
| 23 | Defendants. | |
| 24 | | |
| 25 | *Caption continued on next page* | |

| | |
|---|---|
| PHILLIP LAM, on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> vs.<br><br>CONTEXTLOGIC, INC., PETER SZULCZEWSKI, RAJAT BAHRI, BRETT JUST, JULIE BRADLEY, ARI MANUEL, JOE LONSDALE, TANZEEN SYED, STEPHANIE TILENIUS, HANS TUNG, JACQUELINE RESES, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., UBS SECURITIES LLC, RBC CAPITAL MARKETS, LLC, CREDIT SUISSE SECURITIES (USA) LLC, COWEN AND COMPANY, LLC, OPPENHEIMER & CO. INC., STIFEL, NICOLAUS & COMPANY, L.L.C., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, AND R. SEELAUS & CO., LLC,<br><br>      Defendants. | Case No. 3:21-cv-05411-CRB |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION ............................................................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................................. 2

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................... 2

I.   PRELIMINARY STATEMENT ............................................................................................ 2

II.  ARGUMENT ........................................................................................................................... 3

    A.   The Related Actions Should Be Consolidated .......................................................... 3

    B.   Gahtan Should Be Appointed Lead Plaintiff ............................................................ 4

        1.   The PSLRA Standard for Appointing Lead Plaintiff ................................. 4

    C.   Gahtan Is the "Most Adequate Plaintiff" .................................................................. 5

        1.   Gahtan Satisfied the PSLRA's Procedural Requirements ......................... 5

        2.   Gahtan Has a Substantial Financial Interest .............................................. 5

        3.   Gahtan Satisfies Rule 23's Typicality and Adequacy Requirements ........................................................................................ 6

    D.   The Court Should Approve Gahtan's Choice of Counsel ....................................... 7

CONCLUSION .................................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ali v. Intel Corp.*,
    No. 18-cv-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018) .................................. 2

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ................................................................................ 7, 8, 9, 10

*In re Cohen v. United States*,
    586 F.3d 703 (9th Cir. 2009) ................................................................................................ 9

*In re Fastly, Inc. Sec. Litig.*,
    No. 20-cv-06024-PJH, 2021 WL 493386 (N.D. Cal. Feb. 10, 2021) ................................ 7, 8

*GGCC, LLC v. Dynamic Ledger Sols., Inc.*,
    No. 17-cv-06779-RS, 2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) ................................... 5

*Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*,
    877 F.2d 777 (9th Cir. 1989) ................................................................................................ 5

*In re Solar City Corp. Sec. Litig.*,
    No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ................................. 8

**Rules & Statutes**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 42 ............................................................................................................... *passim*

15 U.S.C. § 78u-4, *et seq.* ................................................................................................. *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.) ................................................................................................. 10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md-1963 (S.D.N.Y.) ............................................................................................... 10

*In re Broadcom Corp. Class Action Litig.*,
    No. 06-cv-05036 (C.D. Cal.) .............................................................................................. 11

*In re Countrywide Fin. Corp. Sec. Litig.*,
    No. 07-cv-5295 (C.D. Cal.) ................................................................................................ 10

*In re Mercury Interactive Corp. Sec. Litig.*,
    No. 05-cv-3395 (N.D. Cal.) ................................................................................................ 10

**Other Authorities**

*Newberg, et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2002) ......................................... 9

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Lead Plaintiff Movant Saleh Doron Gahtan ("Gahtan") by and through his counsel, hereby moves this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned actions (the "Actions") pursuant to Rule 42 of the Federal Rules of Civil Procedure; (2) appointing Gahtan as Lead Plaintiff pursuant to the PSLRA; (3) approving the selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and the Schall Law Firm ("Schall Law") as Liaison Counsel for the Class (the "Motion"); and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Gahtan believes he is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, Gahtan believes he has the "largest financial interest" in the relief sought by the Class in the Actions. Gahtan also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of other Class members' claims, and because he will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of Brian Schall ("Schall Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

**WHEREFORE**, Gahtan respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the Actions; (2) appointing Gahtan as Lead Plaintiff; (3) approving Gahtan's selection of Labaton Sucharow as Lead Counsel for the Class and Schall Law as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint Gahtan as Lead Plaintiff; and

3. Whether the Court should approve of Gahtan's selection of Labaton Sucharow as Lead Counsel for the Class and Schall Law as Liaison Counsel to the Class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PRELIMINARY STATEMENT**

The above-captioned securities class actions assert claims pursuant to the Securities Act and the Exchange Act on behalf of purchasers of ContextLogic Inc. ("ContextLogic" or the "Company") securities pursuant and/or traceable to the Company's December 16, 2020 initial public stock offering ("IPO"), and open-market purchasers of ContextLogic securities between December 16, 2020 and May 12, 2021, inclusive (the "Class Period"), and who were damaged thereby (the "Class").[1]

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to the appointment of a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Actions should be consolidated because they each involve identical legal and factual questions. *See* Fed. R. Civ. P. 42(a). As soon as practicable after its decision on consolidation, the PSLRA then instructs this Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which member of the Class has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Gahtan respectfully submits that he should be appointed Lead Plaintiff because he has the "largest financial interest" in this litigation and has made the requisite showing of typicality and

---

[1] For ease of reference, Gahtan only cites to the relevant sections in the Exchange Act, which are identical in substance to those of the Securities Act under the PSLRA.

adequacy required by the standards of the PSLRA.  As discussed herein, Gahtan incurred *$11,755,540.98* in losses as a result of his transactions in ContextLogic securities during the Class Period.[2]  In light of this significant loss, Gahtan has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant.  Gahtan also meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class.  Gahtan has further demonstrated his adequacy through his selection of Labaton Sucharow as proposed Lead Counsel for the Class.  Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Gahtan is the "most adequate plaintiff," and respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of counsel.

## II. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).  "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'"  *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-cv-06779-RS, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted).  Furthermore, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district."  *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989).

---

[2] A Copy of Gahtan's PSLRA Certification ("Certification") is attached as Exhibit A to the accompanying Schall Decl., which sets forth all transactions for Gahtan in ContextLogic securities during the Class Period.  In addition, a chart reflecting the calculation of Gahtan's losses as a result of his Class Period transactions in ContextLogic securities ("Loss Analysis") is attached as Exhibit B to the Schall Decl.

Consolidation of the related Actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. Each of the actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act and the Exchange Act arising from the public dissemination of false and misleading information to investors. Accordingly, the actions should be consolidated pursuant to Rule 42(a) for all purposes.

**B.      Gahtan Should Be Appointed Lead Plaintiff**

Gahtan respectfully submits that he is the presumptively "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.      The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable

of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Fastly, Inc. Sec. Litig.*, No. 20-cv-06024-PJH, 2021 WL 493386, at *2 (N.D. Cal. Feb. 10, 2021) (same).

### C. Gahtan Is the "Most Adequate Plaintiff"

#### 1. Gahtan Satisfied the PSLRA's Procedural Requirements

Gahtan filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on May 17, 2021, counsel for the Plaintiff in the first-filed case caused notice regarding the pending nature of this case to be published on a widely circulated, national, business-oriented news reporting service.  *See* Notice, Schall Decl. Ex. C.  Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before July 16, 2021.  Gahtan filed his motion within the required period.

#### 2. Gahtan Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  During the Class Period, Gahtan suffered substantial losses of ***$11,755,540.98*** as a result of his transactions in ContextLogic securities.  *See* Loss Analysis, Schall Decl. Ex. B.  Gahtan is

1  presently unaware of any other movant with a larger financial interest in the outcome of the
2  Action.  Consequently, and because he also satisfies Rule 23's typicality and adequacy
3  requirements, as discussed below, Gahtan is entitled to the legal presumption that he is the "most
4  adequate plaintiff."

### 3.     Gahtan Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  However, at the lead-plaintiff-selection stage, all that is required is a *preliminary showing* that the lead plaintiff's claims are typical and adequate.  *See, e.g.*, *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017) ("Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor.") (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010)).

"The typicality requirement focuses on 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Fastly, Inc.*, 2021 WL 493386, at *6 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  Here, the claims that Gahtan asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Gahtan: (1) purchased ContextLogic securities during the Class Period and/or pursuant or traceable to the IPO; (2) in reliance on Defendants' false and misleading statements; and (3) suffered harm when defendants' alleged misconduct was revealed.  Because the claims that Gahtan asserts are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the

1   claims of other class members," typicality is satisfied.  *See Newberg*, *et al.*, NEWBERG ON CLASS
2   ACTIONS, §3:13 (4th ed. 2002).  Thus, Gahtan satisfies the typicality requirement.
3          "The adequacy requirement is met if there are no conflicts between the representative and
4   class interests and the representative's attorneys are qualified, experienced, and generally able to
5   conduct the litigation."  *Fastly, Inc.*, 2021 WL 493386, at *6  (quoting *Hurst v. Enphase Energy,*
6   *Inc.*, 2020 WL 7025085, at *5 (N.D. Cal. Nov. 30, 2020)).  Gahtan is adequate as he is not aware
7   of any conflicts between his claims and those asserted on behalf of the putative class and is not
8   subject to any unique defenses.  Moreover, after discussions with counsel concerning the facts of
9   this case, the responsibilities of a lead plaintiff and criteria for appointment, and most
10  importantly, the qualifications of his proposed counsel, Gahtan selected the law firm of Labaton
11  Sucharow as proposed Lead Counsel and Schall Law as proposed Liaison Counsel.  *See*
12  Declaration of Saleh Doron Gahtan, Schall Decl. Ex. D.  As discussed *infra* Section III.D,
13  Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and
14  efficiently.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).
15         As detailed in his Declaration, Gahtan determined to seek the role of Lead Plaintiff
16  because he believes in the importance of this matter in that it alleges serious misconduct that
17  caused substantial losses to investors and raises significant corporate governance concerns.  *Id.*
18  ¶¶ 2, 4.  In this regard, Gahtan is strongly motivated to recover investment losses in
19  ContextLogic securities on behalf of himself and the Class, and therefore believes it is necessary
20  this litigation be entrusted to highly qualified counsel as Lead Counsel.  *Id.* ¶¶ 4-7.
21         Accordingly, Gahtan satisfies the adequacy requirement.
22         **D.     The Court Should Approve Gahtan's Choice of Counsel**
23         The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the
24  class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court
25  should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests
26  of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. United States*, 586
27  F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel,
28  the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264

1  F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in
2  whom a litigant has confidence is an important client prerogative and we will not lightly infer
3  that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did
4  not.  While the appointment of counsel is made subject to the approval of the court, the Reform
5  Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").
6        Here, Gahtan has selected Labaton Sucharow, highly qualified counsel, to serve as Lead
7  Counsel for the proposed Class.  Labaton Sucharow has significant experience in prosecuting
8  securities class actions and has excelled as lead counsel in numerous landmark securities class
9  actions throughout the United States on behalf of defrauded investors.  Labaton Sucharow served
10 as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-
11 8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured
12 investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities,*
13 *Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead
14 counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities*
15 *Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton Sucharow was a lead counsel in *In*
16 *re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which
17 achieved a settlement of $624 million—one of the largest securities fraud settlements arising
18 from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead
19 counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.).  Labaton
20 Sucharow presently serves as lead and co-lead counsel in several significant investor class
21 actions.  *See* Schall Decl., Ex. E.
22       Likewise, Schall Law is well qualified to represent the Class as Liaison Counsel.  Schall
23 Law maintains an office in this Circuit and is thus qualified to represent the Class as Liaison
24 Counsel.  *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of
25 liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as
26 the court.").
27
28

Accordingly, the Court may be assured that by granting this motion and approving Gahtan's selection of Labaton Sucharow as Lead Counsel and Schall Law as Liaison Counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Gahtan respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Gahtan as Lead Plaintiff; (3) approve the selection of Labaton Sucharow as Lead Counsel for the Class and Schall Law as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: July 16, 2021                    Respectfully submitted,

/s/ Brian Schall

**THE SCHALL LAW FIRM**
Brian Schall (#290685)
Rina Restaino (#285415)
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Local Counsel for Proposed Lead Plaintiff Saleh Doron Gahtan and Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Francis P. McConville (*pro hac vice* forthcoming)
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff Saleh Doron Gahtan and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                */s/ Brian Schall*
                Brian Schall (#290685)