Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff Meng Di*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRETT BOEHNING, Individually and On Behalf Of All Others Similarly Situated,

Plaintiff,

v.

CONTEXTLOGIC INC., PIOTR SZULCZEWSKI, RAJAT BAHRI, BRETT JUST, JULIE BRADLEY, ARI EMANUEL, JOE LONSDALE, TANZEEN SYED, STEPHANIE TILENIUS, HANS TUNG, JACQUELINE RESES, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., UBS SECURITIES LLC, RBC CAPITAL MARKETS, LLC, CREDIT SUISSE SECURITIES (USA) LLC, COWEN AND COMPANY, LLC, OPPENHEIMER & CO. INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, and R. SEELAUS & CO., LLC,

Defendants.

No. 3:21-cv-03671-JD

CLASS ACTION

**NOTICE OF MOTION AND MOTION OF MENG DI FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: Thursday, Aug. 26, 2021
Time: 10:00 a.m.
Courtroom: 11, 19th Floor
Judge: Hon. James Donato

ORAL ARGUMENT REQUESTED

[Caption continued on the next page.]

| | |
|---|---|
| YEN HOANG, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONTEXTLOGIC INC., PIOTR SZULCZEWSKI, RAJAT BAHRI, BRETT JUST, JULIE BRADLEY, ARI EMANUEL, JOE LONSDALE, TANZEEN SYED, STEPHANIE TILENIUS, HANS TUNG, JACQUELINE RESES, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., UBS SECURITIES LLC, RBC CAPITAL MARKETS, LLC, CREDIT SUISSE SECURITIES (USA) LLC, COWEN AND COMPANY, LLC, OPPENHEIMER & CO. INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, and R. SEELAUS & CO., LLC,<br><br>Defendants. | No. 3:21-cv-03930-MMC<br><br>CLASS ACTION |
| ALBERTO ASMAT, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONTEXTLOGIC INC., PIOTR SZULCZEWSKI, RAJAT BAHRI, BRETT JUST, JULIE BRADLEY, ARI EMANUEL, JOE LONSDALE, TANZEEN SYED, STEPHANIE TILENIUS, HANS TUNG, and JACQUELINE RESES,<br><br>Defendants. | No. 3:21-cv-05015-CRB<br><br>CLASS ACTION |

[Caption continued on the next page.]

PHILLIP LAM, Individually and On Behalf Of All Others Similarly Situated,

Plaintiff,

v.

CONTEXTLOGIC INC., PETER SZULCZEWSKI, RAJAT BAHRI, BRETT JUST, JULIE BRADLEY, ARI EMANUEL, JOE LONSDALE, TANZEEN SYED, STEPHANIE TILENIUS, HANS TUNG, JACQUELINE RESES, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., UBS SECURITIES LLC, RBC CAPITAL MARKETS, LLC, CREDIT SUISSE SECURITIES (USA) LLC, COWEN AND COMPANY, LLC, OPPENHEIMER & CO. INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, and R. SEELAUS & CO., LLC,

Defendants.

No. 3:21-cv-05411-CRB

CLASS ACTION

## NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995, codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), Meng Di ("Mr. Di" or "Movant") will and hereby does move the Honorable Judge James Donato, United States District Court, Northern District of California, San Francisco Division, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, on Thursday, August 26th, at 10:00 a.m., or as soon thereafter as the matter may be heard, for an order to consolidate these related cases ("Related Actions"); appoint him as lead plaintiff in the above-referenced actions involving ContextLogic Inc. ("ContextLogic" or the "Company"); and approve his selection of Hagens Berman Sobol Shapiro LLP as lead counsel in the consolidated action.

Mr. Di's motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Lucas E. Gilmore in support of this motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

The portion of this motion to consolidate is made on the grounds that the Related Actions arise from the same operative facts, name similar defendants, and are appropriate for consolidation. The portion of this motion for appointment as Lead Plaintiff is made on the grounds that Mr. Di believes that he is the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995 ("PSLRA") because he has the largest known financial interest in the relief sought by the Class. Further, Mr. Di satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate the Related Actions, which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint Movant as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve of Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II. PRELIMINARY STATEMENT

The Related Actions allege that ContextLogic and its senior executives defrauded investors who transacted in ContextLogic securities during the period from December 16, 2020 to May 12, 2021, inclusive (the "Class Period") in violation of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") by making materially false and misleading statements regarding the Company's business, operational and compliance policies. ContextLogic investors, including Mr. Di, incurred significant losses following a series of disclosures beginning on March 8, 2021 and ending on May 12, 2021, when ContextLogic revealed declining Monthly Active Users (MAUs) and an unfavorable revenue outlook. Following each of these disclosures, the price of ContextLogic securities fell sharply, damaging Mr. Di and other investors.

First, the PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Related Actions allege common claims under the Securities Act and Exchange Act, and include allegations regarding ContextLogic's alleged misstatements in its Offering Documents in connection with its December 16, 2020 initial public offering. The Related Actions also name common defendants, identical class periods, and overlapping classes of investors.

Because the complaints involve common questions of fact and law, the Related Actions should be consolidated.

Next, pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Movant incurred losses of $126,729.70 in connection with his Class Period transactions in ContextLogic securities, and therefore believes that he has the largest financial interest in the relief sought in this action. See Gilmore Decl., Exs. B and C.

Beyond his significant financial interest, Mr. Di also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Mr. Di, a Los Altos, California-based software engineer, has the ability and resources to manage the litigation and vigorously fulfill the lead plaintiff's duties and obligations to the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the consolidated litigation on behalf of the Class, Mr. Di has selected Hagens Berman as Lead Counsel for the Class. Hagens Berman is a nationally-recognized class action firm with an established track record of obtaining class wide recoveries on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in the consolidated litigation.

Accordingly, based on his significant financial interest and commitment to overseeing this litigation, Mr. Di respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selection of Lead Counsel.

## III. THE RELATED ACTIONS

Based in San Francisco, ContextLogic is a global ecommerce provider. The Company operates the Wish platform that connects users to merchants and also provides marketplace and logistics services to merchants. The Company also generates fees by offering advertising and logistics services to its merchants, and Wish claims to have a user base of 100 million monthly active users ("MAUs") and 500,000 merchants across Europe, North America, South America, and other international markets.

On November 20, 2020, ContextLogic filed a registration statement on Form S-1 with the United States Securities and Exchange Commission ("SEC") in connection with the IPO, which, after an amendment, was declared effective by the SEC on December 15, 2020 (the "Registration Statement").

On December 16, 2020, pursuant to the Registration Statement, ContextLogic's securities began trading on the NASDAQ Global Market ("NASDAQ") under the symbol "WISH." On December 17, 2020, ContextLogic filed a prospectus on Form 424B4 with the SEC in connection with the IPO which incorporated and formed part of the Registration Statement (collectively, the "Offering Documents").

Pursuant to the Offering Documents, ContextLogic issued 46 million of its shares to the public at the Offering price of $24.00 per share for approximate proceeds of $1.1 billion.

The Related Actions allege that the Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Additionally, the Related Actions allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, the Offering Documents and Defendants alleged misrepresented and failed to disclose that: (i) ContextLogic's Q4 2020 MAUs had declined materially and were not then growing; (ii) accordingly, ContextLogic had materially overstated the Company's business metrics and financial prospects; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

The Related Actions allege that the truth began to emerge on March 8, 2021, when ContextLogic announced its Q4 2020 financial results. In a press release, the Company stated that, during Q4 2020 its MAUs declined 10% year-over-year (YoY) during Q4 to 104 million, primarily in some emerging markets outside of Europe and North America where Wish temporarily deemphasized advertising and customer acquisition as the Company worked through logistics challenges it faced earlier in the year. On this news, ContextLogic's stock price fell $1.83 per share, or 10%, to close at $15.94 per share on March 8, 2021.

Then, on May 12, 2021, ContextLogic announced its Q1 2021 financial results. The Company disclosed that its MAUs had declined another 7% to just 101 million. In addition, the Company's forward sales guidance also fell short, with its Q2 2021 revenue guidance of just $715 million to $730 million representing a significant departure from the $759 million the market had been led to expect and far less than the guidance of $735 to $750 million provided for Q1 2021. On this news, ContextLogic's stock price fell $3.36 per share, or 29%, to close at $8.11 per share on May 13, 2021.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of ContextLogic's securities, Mr. Di and other Class members have suffered significant losses and damages.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated.

Under FRCP 42(a), the district court may consolidate actions where the actions involve a "common question of law or fact." The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Here, the Related Actions present virtually identical factual and legal issues. Each action alleges violations of the Securities Act and Exchange Act over the same alleged time period, on behalf of overlapping classes of investors, against common Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *See Tollen v. Geron Corp.*, 2020 WL 2494570, at *2 (N.D. Cal. May 14, 2020) (consolidating related securities class actions).

### B. Movant Should Be Appointed Lead Plaintiff.

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members ... in accordance with this subparagraph." 15 U.S.C. § 78u-

4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or timely brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest" in the relief sought by the class; and (3) otherwise satisfies the requirements of FRCP 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa)–(cc). The above presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa)–(bb).

The PSLRA establishes a three-step inquiry for appointing a lead plaintiff. First, a plaintiff files the action and posts notice, allowing other lead plaintiff candidates to file motions. Second, the district court considers which of those plaintiffs has the largest financial interest in the action and whether that plaintiff meets the requirements of FRCP 23. Third, other candidates have the opportunity to rebut the presumption that the putative lead plaintiff can adequately represent the class. *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002).

**1. Movant's Motion Meets the PSLRA's Procedural Requirements.**

The first of the Related Actions was filed on May 17, 2021. The timely notice of the pendency of the action was published on *Business Wire* on the same day advising putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* Gilmore Decl., Ex. A. Thus, Movant satisfies the procedural requirements of the PSLRA by having timely filed this motion for appointment as lead plaintiff with the Court within sixty days of publication of the notice (*i.e.* on or before July 16, 2021) and submitting a PSLRA certification. *See* Gilmore Decl. Ex. B.

**2. Movant Has the Largest Financial Interest in the Relief Sought by the Class and is Therefore Presumptively the Most Adequate Plaintiff.**

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Mr. Di suffered a losses of $126,729.80 on his purchases of ContextLogic

securities during the Class Period. *See* Gilmore Decl., Ex. C. Movant, therefore, has the largest known financial interest in this class action.

**3. Movant Satisfies the Requirements of Federal Rule of Civil Procedure 23.**

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provide that the lead plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23(a). At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

Here, the claims asserted by Movant are typical of the claims of the other members of the proposed class because Movant asserts that he: (1) purchased ContextLogic securities during the Class Period in reliance upon the Defendants' purported false and misleading statements; (2) was harmed by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result. Moreover, Movant is not subject to any unique or special defenses. Thus, Movant meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other Class members.

In addition, Movant will adequately represent the Class. Movant's interest is clearly aligned with the members of the Class because his claim is identical to the claims of the Class who made investments in ContextLogic securities. There is no evidence of antagonism between Movant's interest and those of proposed Class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. These motivations clearly show that Movant will adequately and vigorously pursue the interests of the Class. In addition, Movant has selected lead counsel that is highly experienced in prosecuting securities class actions to represent himself and the Class in this action. Hagens Berman has undertaken high-stakes complex securities, antitrust, and consumer litigation matters for several decades and pursues active litigation in California's state and federal courts.

In sum, because of Movant's common interest with Class members, his clear motivation and ability to pursue vigorously this action, and his selection of highly competent counsel, the adequacy

requirement of Federal Rule of Civil Procedure 23(a) is met. Furthermore, Movant meets the typicality and adequacy requirements of Rule 23(a) and has sustained the largest losses at the hands of the Defendants. Movant is, therefore, the most adequate plaintiff to lead this action in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C. The Court Should Approve Movant's Choice of Lead Counsel.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *accord In re Cavanaugh*, 306 F.3d at 734 n.14. "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct. for Northern Dist. Of Cal.*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Hagens Berman to serve as lead counsel for the Class. Hagens Berman has litigated complex securities fraud actions before this Court (*In re Charles Schwab Secs. Litig.*, No. 3:08-cv-1510-WHA) and has successfully prosecuted many other securities fraud class actions on behalf of injured investors. Gilmore Decl., Ex. E at 31-32. If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available. Accordingly, the Court should approve Movant's selection of lead counsel.

## V. CONCLUSION

For all of the foregoing reasons, Mr. Di respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint him to serve as lead plaintiff in this action; (3) approve his selection of Hagens Berman as lead counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: July 16, 2021

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Lucas E. Gilmore*
LUCAS E. GILMORE

Reed R. Gilmore (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
Wesley A. Wong (314652)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman (*pro hac vice forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff Meng Di and [Proposed] Lead Counsel*